IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA HOSKINS,                              )<br>                                             )<br>     **Plaintiff,**                         )<br>                                             )<br>vs.                                          )<br>                                             )<br>                                             )<br>JANA RUETER, DAVID BROCK, C.                 )<br>WALL, C. HECK, LIEUTENANT                    )<br>WANGLER, MICHAEL BAILEY, G.                  )<br>HALE, OFFICER LUEKER,                        )<br>LIEUTENANT SHIRLEY,                          )<br>LIEUTENANT BAKER, OFFICER                    )<br>HAGSTON, SERGEANT PEEK,                      )<br>SERGEANT GROVE, OFFICER                      )<br>SWISHER, SERGEANT DUDEK,                     )<br>OFFICER MAYS, OFFICER BELL,                  )<br>MAJOR LIVELY, LIEUTENANT                     )<br>PETITJEAN, INTEL OFFICER                     )<br>RODMAN,                                      )<br>                                             )<br>     **Defendants.**                        )  | Case No. 20-cv-766-NJR |

# **MEMORANDUM AND ORDER**

**ROSENSTENGEL, Chief Judge:**

Plaintiff Joshua Hoskins, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his Complaint (Doc. 1), Plaintiff alleges Defendants were deliberately indifferent to his need for mental health care and retaliated against him for filing grievances and lawsuits. He asserts claims against the defendants under the First and Eighth Amendments. Plaintiff seeks monetary damages and injunctive relief.

1

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## **The Complaint**

Plaintiff makes the following allegations in the Complaint (Doc. 1): While at Pinckneyville, from June 11, 2020 to August 5, 2020, Rueter, Brock, Wall, Grove, Hale, Heck, Peek, Bell, Wangler, Dudek, Lively, Hagston, Lueker, Shirley, Baker, Bailey, Swisher, Mays, and Rodman denied him access to his psychotropic medications and mental health care. Specifically, they informed him that they were aware that he reported staff conduct to mental health professionals, including their threats to stop him from receiving his medications (*Id*. at p. 53). They directed him to refuse all appointments with mental health care as well as his medications (*Id*.). He was told that Rueter would review his medical records and let security staff know when he was scheduled with mental health. By directing him to refuse his appointments, they prevented him from receiving his medications. They refused him mental care because of his grievances and lawsuits that he filed against staff.

Specifically, Rodman told him during property box checks that because he was reporting their conduct to others that they were working to have him transferred to another medium security facility and that he would make sure he remained in his current housing location so that Baker and others could make sure he was not receiving his medications (*Id*. at p. 53). Petitjean also informed

Plaintiff that he was working with the placement office to keep him in his current location so that they could monitor his interactions with mental health (*Id*.).

On June 1, 2020, Brock, Mays, and Swisher told him that they were not going to allow him to speak with mental health staff in order to prevent him from reporting staff conduct and also to keep him from receiving his medications (*Id*. at p. 53). Also on June 1, 2020, Rueter directed him to refuse his June 11, 2020 appointment with mental health staff and that if he refused, she would falsify a sexual misconduct charge against him. Brock warned him that if he did not refuse his appointments with mental health, he would give him the "George Floyd I can't breathe punishment." (*Id.*). Brock, Mays, and Swisher informed Plaintiff that they spoke with placement to keep him in his current housing so that they could continue to harass Plaintiff. Bell and Petitjean also told him that he needed to refuse all of his scheduled appointments with mental health staff (*Id*.).

On June 16, 2020, Wall, Wangler, and Heck also informed Plaintiff that they spoke with the placement office about keeping him in the same housing unit so that Baker and others could make sure he refused appointments with mental health staff (*Id.*). If Plaintiff did not refuse his appointments he would be punished. (*Id*.). Brock also told Plaintiff that he was being kept in his current housing so that Lueker, Hale, Baker, and Lively could falsify disciplinary reports against Plaintiff if he failed to refuse his appointments with mental health staff as directed (*Id.*). Heck also told him that he would falsify and find him guilty of disciplinary reports if he did not comply (*Id*. at pp. 53-54).

On June 24, 2020, he learned from Bailey and Lueker that Rueter was reviewing Plaintiff's medical files and learned of a requested transfer by mental health staff. Mental health staff recommended that he be transferred to another facility for psychiatric care (*Id*. at p. 54). They

directed Plaintiff to refuse the transfer in his next meeting with mental health staff and warned that Lueker would be listening in to ensure that he refused the new placement. If he failed to refuse the placement, they would falsify a disciplinary ticket against him and get him transferred to Menard Correctional Center (*Id*. at p. 54). Plaintiff complied during his next meetings with mental health staff, telling them that he did not want a transfer (*Id*.).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following two counts:

> **Count 1:** **Eighth Amendment deliberate indifference claim against Defendants Rueter, Brock, Wall, Heck, Wangler, Bailey, Hale, Lueker, Shirley, Baker, Hagston, Peek, Grove, Swisher, Dudek, Mays, Bell, Lively, Petitjean, and Rodman for denying Plaintiff access to mental health care and medications.**
>
> **Count 2:** **First Amendment retaliation claim against Defendants Rueter, Brock, Wall, Heck, Wangler, Bailey, Hale, Lueker, Shirley, Baker, Hagston, Peek, Grove, Swisher, Dudek, Mays, Bell, Lively Petitjean, and Rodman for denying him access to mental health care and medications, and threatening him in retaliation for filing grievances, lawsuits, and reporting staff conduct.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

At this stage, Plaintiff states viable claims for deliberate indifference in Count 1 and retaliation in Count 2. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment);

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

*Antoine v. Ramos*, 497 F. App'x 631, 633-4 (7th Cir. 2012); *See McKinley v. Schoenbeck*, 731 F. App'x 511, 514 (7th Cir. 2018) (quoting *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009)).

## Pending Motions

Plaintiff recently filed a motion for preliminary injunction (Doc. 12). His motion alleges that on August 17, 2020, Defendant Rodman informed him that they knew about his lawsuits and grievances against them and they planned to transfer him to another prison in retaliation for Plaintiff's filings. Rodman stated that they were going to have another officer say that Plaintiff attacked him in order to justify the move. Plaintiff also alleges that the Defendants threatened to move him to one of two other cell houses in Pinckneyville, R3 or R5 house, or keep him in his current location in R4 house, so that the Defendants could continue to threaten him. He asks for an order from the Court moving him to another location in Pinckneyville outside of the reach of the Defendants. Given the seriousness of the allegations in Plaintiff's motion, the Court will **ADD** Jeff Dennison (official capacity only) to the case to respond to Plaintiff's motion. Dennison is **DIRECTED** to respond no later than **September 9, 2020**.

## Disposition

For the reasons stated above, Counts 1 and 2 shall proceed against Rueter, Brock, Wall, Heck, Wangler, Bailey, Hale, Lueker, Shirley, Baker, Hagston, Peek, Grove, Swisher, Dudek, Mays, Bell, Lively, Petitjean, and Rodman. Jeff Dennison (official capacity only), as the warden of Pinckneyville, is added to the case for the purpose of implementing any injunctive relief awarded.

The Clerk of Court shall prepare for Defendants Jana Rueter, David Brock, C. Wall, C. Heck, Lieutenant Wangler, Michael Bailey, G. Hale, Officer Lueker, Lieutenant Shirley, Lieutenant Baker, Officer Hagston, Sergeant Peek, Sergeant Grove, Officer Swisher, Sergeant

Dudek, Officer Mays, Officer Bell, Major Lively, Lieutenant Petitjean, Intel Officer Rodman, and Jeff Dennison (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk of Court is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 8/26/2020**

                                                                                                    _____
                                                                                                    **NANCY J. ROSENSTENGEL**
                                                                                                    **Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**