IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA HOSKINS,<br><br>    Plaintiff,<br><br>v.<br><br>JANA RUETER, DAVID BROCK, CHAD WALL, CHARLES HECK, ERIC WANGLER, MICHAEL BAILEY, GARRICK HALE, BRANDON LUEKER, WESLEY SHIRLEY, PHILLIP BAKER, AUSTIN HAGSTON, PATRICK PEEK, JAMES GROVES, CHARLES SWISHER, JOSEPH DUDEK, ANTHONY MAYS, MARK BELL, KALE LIVELY, SCOTT PETITJEAN, ALEXANDER RODMAN, and JEFF DENNISON,<br><br>    Defendants. | Case No. 3:20-cv-00766-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Defendant Jana Rueter's Motion to Revoke Plaintiff's IFP Status and Dismiss, or, in the Alternative, Motion to Consolidate (Doc. 40). For the reasons set forth below, the Court denies the motion.

### FACTUAL BACKGROUND

On August 8, 2020, Plaintiff Joshua Hoskins, a prisoner at Pinckneyville Correctional Center ("Pinckneyville") representing himself *pro se*, sued 21 parties who work at Pinckneyville—including Jana Rueter—alleging civil rights violations under 42 U.S.C. § 1983 (Doc. 1). Hoskins also filed a Motion for Leave to Proceed *In Forma Pauperis* ("IFP") (Doc. 2), which this Court granted (Doc. 11). On October 23, 2020, Rueter moved to revoke Hoskins's IFP status and to either dismiss Hoskins's case or stay proceedings until Hoskins pays court

costs (Doc. 40). Rueter also requested, in the same motion, to consolidate this case with the others Hoskins filed against Rueter in this district. The issues of dismissal and consolidation will be moot, however, because this case will be dismissed by separate Order granting the motions for summary judgment (Docs. 71, 80) for failure to exhaust administrative remedies. As such, only the question of revocation of IFP status will be addressed in this Order.

### LEGAL STANDARD

28 U.S.C. § 1915(a)(1) authorizes this Court to permit any litigant who is unable to bear the financial costs of a lawsuit to commence an action in federal court IFP—i.e., without prepayment of fees. The statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Recognizing that letting the public bear the costs of an indigent litigant's court expenses in large part removes the disincentive to file "frivolous, malicious, or repetitive lawsuits," *id.*, however, Congress provided that federal courts shall dismiss a claim filed IFP "if the allegation of poverty is untrue[,] or the action or appeal is frivolous or malicious." 28 U.S.C. § 1915(d).

While Congress did not provide any statutory mechanism by which to revoke an already-granted IFP status without dismissing the case outright, it is within this Court's discretion to do so. *See In re Sindram*, 498 U.S. 177 (1991).

### DISCUSSION

Rueter points to Hoskins's "tainted" litigation history to argue that Hoskins has "abused the court system" to the point that revocation of his IFP status is warranted (Doc. 40, pp. 5, 10, 11). Specifically, Rueter shows that Hoskins has had a total of 21 cases dismissed for fraud or misrepresentations in the past decade (Doc. 40, pp. 4-5). Rueter also notes that between June and August of 2020, Hoskins filed eight separate lawsuits naming her as a

defendant (Doc. 40, pp. 8-9), and allegedly "bombarded the Court with various motions in these separate cases" (Doc. 40, p. 9).

It is true that, in undertaking its "responsibility is to see that [its] resources are allocated in a way that promotes the interests of justice," *In re McDonald*, 489 U.S. 180, 184 (1989), courts may, under some circumstances, remove a plaintiff's ability to proceed IFP due to the plaintiff's history of "abus[ing] the system." *See, e.g., id.*; *Sindram*, 498 U.S. at 180. But this abuse refers to a historic pattern of filing frivolous, malicious, or repetitive lawsuits. *See McDonald*, 489 U.S. at 184; *Sindram*, 498 U.S. at 180; *cf. Neitzke*, 490 U.S. at 324. Rueter has made no showing that Hoskins has a pattern of exhibiting any of the three.

**I.     Defendant Has Not Shown That Plaintiff's Claims Are Historically Frivolous**

First, Rueter has not shown that Hoskins has a history of initiating frivolous lawsuits. Frivolous lawsuits in the context of Section 1915 are those that assert "inarguable" claims which tend to "describe[e] fantastic or delusional scenarios" more than those stating arguable, even if incorrect, questions of law. *Neitzke*, 490 U.S. at 328. Rueter has made no such allegations towards Hoskins's claims.

**II.    Defendant Has Not Shown That Plaintiff's Claims Are Historically Malicious**

Second, Rueter has not shown that Hoskins has a history of initiating malicious claims. "Malice has been defined as being actuated by improper and indirect motives." *Hulcher v. Archer Daniels Midland Co.*, 409 N.E.2d 412, 416 (Ill. Ct. App. 1980). The extent of Rueter's arguments in this regard is that Hoskins has a history of making misrepresentations to the courts (Doc. 40, pp. 9-10). But a history of misrepresentations does not, by itself, show that Hoskins's motives behind his litigation efforts are historically improper and indirect.

**III.     Defendant Has Not Shown That Plaintiff's Claims Are Historically Repetitive**

Third, Rueter has not shown that Hoskins has a history of initiating repetitive lawsuits. Rueter notes that at the time the motion was filed, there were ten cases pending in this district that were initiated by Hoskins (Doc. 40, p. 2). All of them pertain to some alleged misconduct by employees at Pinckneyville, and eight of them name Rueter as an opposing party (Doc. 40, pp. 2, 8-9). However, the repetitiveness that might warrant a revocation of IFP status is not met solely by a showing of multiple suits against the same parties. Instead, Supreme Court precedent in this area shows concern for those cases in which a litigant repeatedly and fruitlessly asserts similar claims arising out of the same set of circumstances.

In *Sindram*, for example, a litigant sought a writ of mandamus from the Supreme Court to compel a state court to "expedite consideration of his appeal in order that [a] speeding ticket may be expunged from his driving record." 498 U.S. at 179. The Court denied IFP status to the litigant in his petition and "in all future petitions for extraordinary relief." *Id.* at 598. The Court reasoned that, in the three years prior, the litigant "ha[d] filed 43 separate petitions and motions, including 21 petitions for certiorari, 16 petitions for rehearing, and two petitions for extraordinary writs." *Id.* at 177-78. Most of these filings pertained to the same speeding ticket as the petition in question, and all of them were denied without dissent. *Id.* at 177-79. The litigant "nonetheless persisted in raising essentially the same arguments in an unending series of filings." *Id.* at 178. It is under these circumstances that the Court stated that its "goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests," and that it "has a duty to deny *in forma pauperis* status to those individuals who have abused the system." *Id.* at 181. *See also McDonald*, 489 U.S. at 184 (denying litigant's ability to proceed IFP

when seeking future extraordinary writs from the Supreme Court after litigant continually filed frivolous and duplicative requests with the Supreme Court). That Hoskins has filed eight cases against Rueter—none of which have been deemed frivolous—does not rise to the level of abuse apparent in *Sindram* or *McDonald*.[1]

### IV. Plaintiff's Failure to Report Alleged Debts Does Not Warrant a Revocation of *In Forma Pauperis* Status.

Rueter's final argument is that she suspects Hoskins has not paid the court costs assessed against him in 2018 and 2019—totaling, according to Rueter, $6,166.25 (Doc. 40, p. 10). Rueter contends that, since Hoskins did not list that amount as a debt in his Motion for Leave to Proceed IFP, this amounts to a misrepresentation warranting a denial of IFP status (Doc. 40, pp. 10-11). In support, Rueter references *Kennedy v. Huibregste*, 831 F.3d 441, 442 (7th Cir. 2016), where the Seventh Circuit dismissed an IFP litigant's case on the ground that the litigant "had failed to disclose that he had approximately $1,400 in a trust account." In doing so, the Seventh Circuit obeyed the command of 28 U.S.C. § 1915(e)(2)(A), which requires a court to dismiss a case filed IFP "if the court determines that . . . the allegation of poverty is untrue." *Id.* at 443.

---

[1] Defendant's reliance on *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995), is misplaced. In *Mack*, the litigant had continued to rack up sanctions against him for fraudulent activity and frivolous filings in the same suit. *Id.* at 185-86. The litigant refused to pay the sanctions against him and even sent threatening letters to Seventh Circuit judges. *Id.* at 186. Because the litigant had continued with frivolous filings, and because the litigant's refusal to pay the sanctions rendered the sanctions ineffective against his misdeeds, the Seventh Circuit ordered that the circuit clerks "return unfiled any papers that the litigant attempt[ed] to file, unless and until he pays in full the sanctions that ha[d] been imposed against him." *Id.* at 186. *Mack*, therefore, shows the judiciary's power to compel a litigant to pay the sanctions imposed against him. It does not show that, by virtue of a litigant's numerous filings and instances of making misrepresentations, this Court must deny him the ability to proceed IFP.

Here, even if Rueter is correct about Hoskins's outstanding debts, his failure to report the debts in his Motion to Proceed IFP does not render his allegation of poverty untrue. On the contrary, it shows Hoskins has even *less* money than he reported. Though these debts should have been reported, there is no authority to support that this failure to report warrants a revocation of Hoskins's IFP status.

## Conclusion

For the reasons set forth above, the Motion to Revoke Plaintiff's IFP Status and Dismiss, or, in the Alternative, Motion to Consolidate filed by Defendant Jana Rueter (Doc. 40) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  September 23, 2021**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**